## ODOM v. UNIVERSAL LIFE INS. CO. OF TENN.
### No. 14901.

Court of Appeal of Louisiana. Orleans.
Oct. 15, 1934.

See, also, 155 So. 777.

R. O. Vorbusch, of New Orleans, for appellant.

Warren M. Simon, of New Orleans, for appellee.

JANVIER, Judge.

Floyd Odom, plaintiff who has died since the filing of this suit, makes claim on Universal Life Insurance Company for what is known as sick benefit insurance under a policy issued to him by that company. His petition asserts that he was sick for a period of twelve weeks and that, under the terms of the policy, the company should have paid him $7 for each of the said weeks.

Claiming also that the company, in refusing to make payment, did so "purely from a vexatious purpose and without just and reasonable grounds," he asks that, in accordance with the provisions of Act No. 310 of 1910, he be granted a judgment for double the amount stipulated in the policy and for an additional $25, which sum he fixes as a reasonable attorney's fee.

The issuance of the policy is admitted and no attempt is made to rebut the evidence as to the existence and duration of Odom's illness, but defendant company bases its denial of liability on its assertion that the policy, by its own terms, had lapsed at the time of the commencement of Odom's illness because of his failure to pay weekly premiums for two consecutive Mondays. The company also maintains that if there is any liability, it is limited to one-half of the amount claimed, or $3.50 per week, basing this contention on the fact that, at the time the illness commenced, the policy had been in force less than six months, and, in this connection, calls attention to a provision in the policy to the effect that:

"Only half benefit will be paid on this policy for sickness or accident for six months from date of delivery, subject to all the conditions herein contained."

Finally, defendant company asserts that in any event it is not liable under the act of 1910 for the penalty and attorney's fee authorized in certain cases by that statute for the reason that, in rejecting the claim of Odom, it did so in good faith and in a real belief that the policy had lapsed.

In the court, a qua, there was judgment as prayed for and Odom was awarded the amount provided for in the policy, to wit, $84, together with a penalty of an additional sum of $84 and a still further sum of $25 which the court fixed as attorney's fees.

At the time the policy was applied for, which was during the latter part of June, 1933, Odom was a soliciting and collecting agent of the defendant company. It was his duty to call weekly on policyholders in his district and to obtain from each of them the premium due and to deliver at the office of the company the amounts collected. It seems to have been Odom's custom to make his collections daily, but to remit to the company the amounts collected only once each week. In fact he testified that, though he usually made his collections on Mondays, he was required to report the said collections only on Thursdays.

It is testified to by him that on July 27th, he became ill, but that on July 24th, he had paid to himself, as agent for the company, the sum of 70 cents to be applied as two weekly payments of 35 cents each on his policy.

The 70 cents did not reach the office of the company until July 28th. At that time, since, from its records, the company considered that the policy had at the time of the commencement of the illness on the 27th, been more than two Mondays in arrears, it rejected the demand of Odom for sick benefit.

The evidence as to whether the premiums were in arrears on the 24th is quite conflicting and it is difficult indeed to determine from the policy and from the records just when the first premium became due and just how many premiums had been paid when the illness commenced. We have analyzed carefully the testimony of Odom himself and

find in it sufficient inaccuracies to convince us that it is not so frank as it should be. We interpret one part of his testimony as a claim that on July 24th the policy was not in arrears at all, whereas, in another part, he admitted that it was one week in arrears at that time.

Furthermore, he produces what is called a premium receipt card, which is so neatly and accurately filled in that we cannot avoid the impression that all of the entries were made at one and the same time, though they purport to cover a period of six weeks and though he said that only one entry was made each week. On this card, all of the entries on which were made by Odom, we find no entry of a payment made for the week of Monday, July 31st, though, if Odom's statement that he paid 70 cents to himself on July 24th to cover the payments due on Monday, July 24th and Monday, July 31st, be correct, we cannot see why he did not enter both of these payments instead of only one.

Furthermore, we note that on the 28th of July, which is the day on which an inspector of the company called on him and received from him certain amounts which he claims to have collected, including the 70 cents which he asserts was paid by himself individually to himself as agent on the 24th, the said inspector paid to Odom a small amount of money something in excess of $1, which was due him as commission, and that then, strange to say, Odom testified that it was out of this sum that he had paid the premiums on his own policies, which premiums, it will be recalled, he had previously testified, had been paid by himself to himself four days before.

If it be conceded that there is nothing irregular in the act of a life insurance agent in insuring himself in his own company, and this question does not seem to be raised by either of the parties, it is certainly incumbent upon such agent to be most meticulous in the collection of his own premiums and in the remission thereof to his company.

After a careful review of the record, we reach the conclusion that the judgment of the court below is manifestly erroneous and that on the 24th of July, 1933, the premiums on Odom's policy were in arrears for two consecutive Mondays and that, consequently, paragraph 5 of the conditions of the policy deprived him of his right to recovery. That paragraph in part reads as follows:

"The insured will not be entitled to sick or accidental benefits when payments are in arrears for two (2) Mondays or more, and the subsequent payment of such arrears shall not entitle the insured to benefit for sickness or disability beginning or occurring during the period of such arrears. * * *"

The view which we have taken renders it unnecessary that we consider the other contentions as to the amount which would have been due under the policy and as to the application of the penalty provisions of the act of 1910.

While this matter was pending on our docket, the plaintiff died, and his widow and children have, by appropriate order, been made parties plaintiff in his stead.

Accordingly, it is ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and that there now be judgment in favor of defendant and against plaintiffs dismissing this suit at their cost.

Reversed and dismissed.